UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 3:22-CR-00136-01** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **TRUMAINE CORNELIUS ROLLINS (01)** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

MEMORANDUM ORDER

Before the Court is a Motion for Reconsideration [Doc. No. 83] filed by *pro se* Defendant, Trumaine Rollins ("Defendant").

After carefully considering Defendant's filings and applicable law, Defendant's Motion is **GRANTED IN PART** and **DENIED IN PART**.

I. Background

The Court's February 2, 2026, ruling provides the factual background for Defendant's conviction and sentencing, so the Court adopts that in full.[1] On January 5, 2026, Defendant filed a Motion to Vacate his sentence under 8 U.S.C. § 2255.[2] In that Motion, Defendant argued his conviction should be vacated since the Government failed to provide him exculpatory material—dashcam footage of his arrest—before his guilty plea, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).[3] The Government responded on January 21, 2026, opposing the Motion.[4] Defendant had until February 28, 2026, to file a reply, but did not do so.

---

[1] [Doc. No. 78, pp. 1–2].
[2] [Doc. No. 73].
[3] [Id. at p. 1].
[4] [Doc. No. 77].

The Court then denied the § 2255 Motion on February 2, 2026.[5] The next day, the Court received Defendant's Motion for Leave to File a Reply to the Government's Opposition, his Motion for Leave to File a Supplemental Reply, and his Motion to Compel Government Response.[6] All three were denied based on the prior ruling.[7]

On February 18, 2026, Defendant filed the instant Motion, arguing the Court should reconsider its denial of his § 2255 Motion after considering the allegations in the three later Motions, which Defendant alleges were timely sent.[8] He also argues the Court's analysis in denying his § 2255 Motion is "[a]bsolutely absurd and contrary to a half-century of legal precedent."[9]

The parties briefed all relevant issues, and the matter is ripe.

## II. Law and Analysis

A motion for reconsideration "calls into question the correctness of a judgment." *Templet v. Hydro Chem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). In such instances, "amending a judgment is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012). As for reconsideration, the Court has recognized that "[w]hile the Federal Rules of Criminal Procedure do not explicitly authorize motions for reconsiderations, they

---

[5] [Doc. No. 78].
[6] [Doc. Nos. 79; 80; 81].
[7] [Doc. No. 82].
[8] [Doc. No. 83].
[9] [Id. at p. 1].

Page **2** of **5**

remain a legitimate procedural device in criminal proceedings." *United States v. Lighfoot*, No. 3:17-CR-00274, 2025 WL 864296, at *1 (W.D. La. March 19, 2025). The motion must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued. *Id*.

The Court first determines whether the Defendant's two Motions for Leave,[10] which the Court received on February 3, 2026, are timely. Defendant argues they are timely because they contain a "Declaration of Inmate Filing," which states he placed the Motions in the "correctional facility's outgoing mailbox" on January 7, 2026, and January 9, 2026, respectively.[11] In other words, Defendant argues he submitted his Motions for Leave on those dates. But both Motions address the response filed by the Government on January 21, 2026. As such, Defendant could not logically send his Motions on January 7 and January 9. The envelopes of the Motions for Leave are stamped on January 31, 2026.[12] If they were sent out on that day, they would still be late since Defendant's deadline to respond was January 28, 2026, i.e., seven days after the Government filed their response.[13] Nevertheless, the Court assumes Defendant timely filed his Motions and addresses their merits.

Defendant's Reply and Supplemental Reply argue that the Court should order the Government to reply to the substance of his arguments.[14] The Government's

---

[10] [Doc. Nos. 79; 80].
[11] [Id.].
[12] [Doc. Nos. 79-1; 80-1].
[13] [Doc. No. 75].
[14] [Doc. No. 79, p. 1]; [Doc. No. 80, p. 1].

response only noted that Defendant's Motion was untimely and, therefore, the Court should not address the merits.[15] The Court agreed in its initial ruling and does so again.[16] As the Fifth Circuit repeatedly held, § 2255's one-year limitations period is an affirmative defense to a claim. *See United States v. Petty*, 530 F.3d 361, 364 & n.5 (5th Cir. 2008) (collecting cases). Therefore, if the Government's assertion of that defense forecloses Defendant's claims, it would be futile to order the Government to address the substance of Defendant's claims.

The Government's response articulated that they believed Defendant's Motion was untimely since it was filed more than one year after his conviction became final.[17] The Court, however, concluded his Motion was late because it was filed more than one year after Defendant could have discovered, through the exercise of due diligence, the facts underlying his claim.[18]

Defendant argues the Court's conclusion is mistaken because the Government only cited facts supporting Defendant's claim in a footnote in the Plea Agreement.[19] This, he argues, cannot be sufficient under *Brady v. Maryland*, 373 U.S. 83 (1963).[20] But as the Court's original ruling noted, Defendant had some notice of the dash cam footage at issue by way of the Plea Agreement.[21] That is all that is required under Fifth Circuit precedent. *See Osborne v. Hall*, 934 F.3d 428, 432 (5th Cir. 2019) (AEDPA's "limitations period begins" on "the date a petitioner is on notice of the facts

---

[15] [Doc. No. 77, pp. 2–3].
[16] [Doc. No. 78, pp. 3–6].
[17] [Doc. No. 77, p. 3].
[18] [Doc. No. 78, pp. 4–6].
[19] [Doc. No. 83, p. 1].
[20] [Id.].
[21] [Doc. No. 78, p. 6].

which would support a claim, not the date on which the petitioner has in his possession evidence to support his claim."). Furthermore, Defendant was represented by counsel at the time.[22] So, even if Defendant did not have notice about the reference to the dash cam footage, his counsel did. Therefore, the Court's findings from its original ruling—that Defendant had notice of the facts giving rise to his claim and could have discovered the factual predicate for his claim then—remains unchanged.

As such, the Court's ultimate conclusion—that Defendant's claim is time-barred—also remains unchanged.

### III. Conclusion

For these reasons,

**IT IS ORDERED** that Defendant's Motion for Evidentiary Reconsideration [Doc. No. 83] is **GRANTED IN PART** and **DENIED IN PART**. The Motion is **GRANTED** to the extent the Court reconsiders the Motion to Vacate [Doc. No. 73] with the allegations in Defendant's Reply [Doc. No. 79] and his Supplemental Reply [Doc. No. 80]. The Motion is **DENIED** to the extent Defendant seeks to vacate or set aside his guilty plea.

MONROE, LOUISIANA, this 24th day of February 2026.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

---

[22] [Doc. No. 53, p. 1].